IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1136-GMS |
| | ) | |
| PHILLIP MORGAN, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

### I.    BACKGROUND

In August 2012, petitioner Ronald G. Johnson was indicted on the charge of possession of a controlled substance. He was released on unsecured bail. Johnson's trial was scheduled for March 5, 2013, but he failed to appear and the Superior Court issued a capias for his arrest. The capias was returned the same day and Johnson was held in lieu of $20,000 cash bail. *See In the Matter of the Petition of Ronald G. Johnson for a Writ of Mandamus*, No. 259, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013); *In the Matter of the Petition of Ronald G. Johnson for a Writ of Mandamus*, No. 239, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013); *In the Matter of the Petition of Ronald G. Johnson for a Writ of Prohibition*, No. 240, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013). On April 4, 2013, Johnson's counsel in his state criminal proceeding filed a motion for a psychiatric and/or psychological evaluation to determine whether Johnson is competent to stand trial. *See In the Matter of the Petition of Ronald G. Johnson for a Writ of Prohibition*, No. 240, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013). The court does not

know the result of that evaluation, or the current status of Johnson's criminal proceeding in the Delaware state courts.

Presently pending before the court is Johnson's "petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241," in which he contends that he is being held unconstitutionally because his $20,000 bail is excessive. (D.I. 2 at 1)

## II.    LEGAL STANDARDS

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a federal district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus, such jurisdiction should not be exercised at the pre-trial stage when the petitioner has not exhausted state remedies, unless extraordinary circumstances are present. *See Moore v. DeYoung*, 515 F.2d 437, 441-43 (3d Cir. 1975). And, where there are no extraordinary circumstances and the petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, a district court should only exercise its pre-trial habeas jurisdiction if the petitioner has exhausted state remedies and makes a special showing of the need for such adjudication. *Id.*; *see also Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court

2

conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## III.   DISCUSSION

After reviewing Johnson's petition, the court concludes that relief is not warranted as to his excessive bail challenge.  First, it is clear from the face of the pending petition that Johnson is not in custody pursuant to a state court judgment because he has not yet undergone his state criminal trial on the charge of possession of a controlled substance.  Second, it appears that Johnson has not exhausted his state remedies with respect to his bail issue,[1] and nothing in his petition demonstrates extraordinary circumstances justifying the court's interference with a pending state court proceeding without Johnson having first exhausted state remedies.  *See Moore*, 515 F.2d at 443.  Accordingly, the court will summarily dismiss Johnson's § 2241 petition.

## IV.   CONCLUSION

For the reasons set forth above, the court will summarily dismiss Johnson's § 2241 petition for federal habeas relief.  The court will also decline to issue a certificate of appealability because Johnson has failed to make a "substantial showing of the denial of a constitutional

---

[1]From what the court can discern, Johnson filed several *pro se* motions in the Delaware Superior Court requesting a reduction in bail.  However, because Johnson is represented by counsel, the Superior Court refused to consider Johnson's *pro se* motions, and referred those motions to Johnson's counsel.  *See In re Ronald G. Johnson*, No.239,2013, Order, Holland, C.J. (Del. May 30, 2013); *see also* Del. Super. Ct. Cr. R. 47 (the Superior Court may not consider *pro se* applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in his defense).  In short, Johnson's improper *pro se* filings in his state criminal proceeding did not exhaust state remedies for federal habeas purposes because the filings did not constitute "fair presentation" of the request.

3

right."  28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470

(3d Cir. 1997).  A separate order will be entered.


Dated: _____**Nov 2-1**_____, 2013          _____
                                            CHIEF, UNITED STATES DISTRICT JUDGE